IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LA MERCED LIMITED PARTNERSHIP SE

Debtor

CASE NO. 18-06858 (ESL)

CHAPTER 11

OPINION AND ORDER

This case is before the court upon the Debtor's motion for stay pending appeal filed on July 9, 2020 (dkt. #168) and the opposition filed on the same day by OSP Consortium LLC ("OSP") (dkt. #169). During the hearing held on July 14, 2020 to consider the confirmation of Debtor's chapter 11 plan and the approval of the sale submitted by OSP the court determined that it would hold a decision on the motion for stay pending appeal until the parties brief the court within five (5) days on whether the appealed orders are final or interlocutory orders. The Debtor and OSP filed their respective positions on July 21, 2020. The Debtor alleges that the appealed orders are final and OSP contends that the orders are interlocutory.

In order to place the issue in perspective, the court will narrate the travel of the events leading to the orders presently on appeal before the district court.

The Debtor and OSP came before the court on October 8, 2019 for a hearing to consider the motion to dismiss filed by OSP (dkt. #84), Debtor's opposition (dkt. #93) and Debtor's urgent motion for the use of cash collateral (dkt. #98). The parties informed the court that they had reached an agreement in principle. As a result of the proffer, the court granted the parties fourteen (14) days to file the agreement in writing and if no agreement was reached, the pending contested matters would he heard on February 10, 2020. See the minutes of the hearing (dkt. #99). The stipulation was filed on November 8, 2019 (dkt. #112) and approved on November 14, 2019 (dkt. #114).

On December 12, 2019 the court approved Debtor's disclosure statement and scheduled a hearing on confirmation for March 10, 2020 (dkt. #119). On March 9, 2020 the Debtor moved the court to continue the confirmation hearing (dkt. #126). The Debtor's ground for the request was that the present conditions in Puerto Rico had prevented the Debtor from finalizing the financing

-1-

necessary to fund the plan. On the same date the court granted the request and rescheduled the confirmation hearing for July 14, 2020 (dkt. #127).

On March 9, 2020 OSP filed a motion to compel the sale of property (dkt. #128). On the same date the court granted the motion finding that that the factual allegations were not in controversy and that the court by continuing the confirmation hearing had not set aside the stipulation between the parties. (dkt. #129). On May 22, 2020 OSP filed a motion for entry of order to sell property (dkt. #139). On June 23, 2020 the court granted OSP's request (dkt. #157).

On July 3, 2020 the Debtor filed a notice of appeal of this court's orders denying Debtor's opposition to OSP's motion requesting sale (dkt. #155) and the order granting OSP's request for order to grant request for sale (dkt. #157).

On July 14, 2010 the court ordered the parties to brief whether the appealed orders were interlocutory or final (dkt. #178). The main basis for this court's concern is that although the court authorized the sale of the property pursuant to the terms of the stipulation, the approval of the sale had been scheduled for July 14, 2020.

Motion for Stay Pending Appeal

The court's legal basis for determining whether to grant a motion for stay pending appeal is the decision in In re Rivera, 532 B.R. 425 (Bankr. P.R. 2015). See also In re MJS Las Croabas Properties, Inc., 2015 WL 4039393 (Bankr. P. R. 2015); Puerto Rico Asphalt, LLC, 2020 WL 698249 (D. P. R. 2020); and In re Catholic School Employees Pension Trust, 2018 WL 1577704 (Bankr. P.R. 2018).

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr. LEXIS 1159 , 2015 WL 1651085 (Bankr.D.P.R.2015). Courts consider the traditional four-part standard applicable to preliminary injunctions to determine whether to grant or deny a motion for stay pending appeal. See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing Hilton v. Brounskill, 481 U.S. 770, 776-777 (1987).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI

Diagnostics, Inc., 2011 WL 280866 , 2011 Bankr. LEXIS 283 (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 , 2008 WL 5245331 (D.R.I.2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir.1991). Also see In re Turner, 207 B.R. 373, 374 (2nd Cir. BAP 1997); In re Bijan–Sara Corp., 203 B.R. 358, 360 (2nd Cir. BAP 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558, 2002 WL 562654 (S.D.N.Y.2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). Of those two factors, " '[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.' " Acevedo–García v. Vera–Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993). Also see Elias v. Sumski (In re Elias), 182 Fed. Appx. 3, 4 (1st Cir.2006) ("the sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed.2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996).

Standard Governing Motions for Stay Pending Appeal

Fed. R. Bankr. P. 8007 governs requests for a stay pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A) provides that, "[o]rdinarily a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the motion for stay pending appeal is denied by the bankruptcy court, then the movant may seek a stay from the court whether the appeal is pending. Fed. R. Bankr. P. 8007(b)(1).

A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003). In the First Circuit, in a motion for a stay pending appeal, the movant bears the burden of demonstrating:

-3-

(i) a likelihood of success on the merits; (2) the potential for irreparable harm in the absence of a stay; (3) whether issuing a stay will burden the opposing party less than denying a stay will burden the movant; and (4) the effect, if any, on the public interest. See Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d 1, 10 (1st Cir. 2012); Esso Standard Oil Co. v. Monroig-Zayas, 445 F. 3d 13, 18 (1st Cir. 2006) (citations omitted). It is well settled law that a court should only grant a stay of the order subject to appeal if all elements are present. See Access Cardiosystems, Inc. v. Fincke (In re Access Cardiosystems, Inc.), 340 B.R. 656, 659-660 (Bankr. D. Mass. 2006); In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999); Great Barrington Fair & Amusement, Inc., 53 B.R. 237, 239 (Bankr, D. Mass. 1985). Failure to satisfy all four prongs dooms the motion. See Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.), 950 F. 2d 798, 804 n. 31 (1st Cir. 1991) (citations omitted).

Even though each factor is important, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting New Comm Wireless Servs., Inc. v. Sprint Com. Inc., 287 F. 3d 1, 9 (1st Cir. 2002)); See also Acevedo-Garcia v. Vera-Monroig, 296 F. 3d 13 (1st Cir. 2002).

In Acevedo-Garcia, the First Circuit added: "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]'" Id. at 16-17 (citing United Steelworkers of Am. v. Textron, Inc., 836 F. 2d 6, 7 (1st Cir. 1987)). See also In re Morgan, No. 10-40497-JNF, 2011 WL 1168297, 2011 Bankr. Lexis 5788 (Bankr. D. Mass. 2011) (citing In re MEDSCI Diagnostics, Inc., 2011 WL 280866, 2011 Bankr. Lexis 283 (Bankr. D.P.R. 2011).

Discussion

The first factor the court must consider in a motion for stay pending appeal is whether the movant has a likelihood of success on the merits of the appeal. To satisfy this requirement, the movant must show, "more than mere possibility" of success — rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting Respect Mr. PAC v. McKee, 622 F. 3d 13, 15 (1st Cir. 2010)); see also In re Access Cardiosystems, Inc., 340 B.R. at 660 (citation omitted).

Debtor/Appellant argues that it has a strong likelihood to succeed on the merits based on the applicability of the rebus sic stantibus doctrine to the particular facts of this case prompted by the unpredictable circumstances caused by the tremors in January 2020 and Covid-19 pandemic since March 2020. OSP opposes the request alleging that "[d]ebtor's Urgent Motion for Stay Pending Appeal only restates and rehashes its previous arguments, which the Court already considered and denied. Thus, the motion for stay pending appeal does not make a substantial showing of a likely success on the merits."

The sequence of events related above show that on March 9, 2020 OSP filed a motion to compel sale of property based on the stipulation filed between the Debtor and OSP (dkt. #128). The court granted the same as the facts underlying the motion to compel sale were uncontested and the stipulation between the parties provided for the sale upon the default on the payment. (dkt. #129). On May 22, 2020 OSP again moved the court for the entry of an order for the sale of the property (dkt. #139). The Debtor opposed the request invoking equity principles and the rebus sic stantibus doctrine. (dkt. #151). OSP filed a response detailing the reasons why the rebus sic stantibus doctrine did not apply to the facts of this case (dkt. #154). The court adopted the analysis and rationale of OSP's motion in response and entered two orders, the first one on June 16, 2020 denying the response by the Debtor to OSP's request for sale for the reasons stated by OSP's response (dkt. #155), and the second on June 23, 2020 granting the request for sale made by OSP on May 22, 2020 (dkt. #157). The June 23, 2020 order approves the procedures for the sale of the real property, provides for the bidding proceedings and auction, and scheduled for July 14, 2020 the approval of the sale. The Debtor filed a notice of appeal of these two orders on July 3, 2020.

The court declines to revisit the issue of the applicability of the rebus sic stantibus doctrine to the facts of this case. The court agreed with OSP's analysis in its response filed on June 18, 2020 (dkt. #154) in its order of June 16, 2020 (dkt. #155) and reaffirms its adoption in this order. The applicability of the rebus sic stantibus doctrine was considered and the court found the same inapplicable due to the rationale in OSP's response. Therefore, the court finds that the Debtor has failed to meet the burden of likelihood to succeed on the merits base on the same legal basis previously rejected by the court.

The court, after considering the motions filed by the Debtor and OSP, notes that the appealed orders are interlocutory as the sale had not been approved as of the date that the appeals were filed. Mission Prod. Holdings Inc. v. Old Cold LLC, 879 F.3d 376 (1stCir. 2018); Anheuser-Busch Inc. v. Miller (In re Stadium Mgmt. Corp.), 895 F.2d 845, 847 (1stCir. 1990); In re Saco

Local Development Corp., 19 B.R. 119, 121 (B.A.P. 1st Cir. 1982. The court further notes that an order approving the report of sale (dkt. #175) is being entered on even date by granting OSP's "Motion in Compliance With Order" (dkt. #183). However, ultimately, this is an issue for the U.S. District Court to decide on appeal.

In view of the foregoing, the motion for stay pending appeal filed by the Debtor is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of July 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge